FILED
United States Court of Appeals
Tenth Circuit

March 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL A. HUFF,

Defendant-Appellant.

No. 10-6269
(D.C. No. 5:10-CR-00094-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **HOLMES**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Michael A. Huff's plea agreement. Mr. Huff pleaded guilty to assaulting an officer while engaged in the performance of his official duties, in violation of 18 U.S.C.§ 111(a). Pursuant to the plea agreement, Mr. Huff waived his right to appeal his "guilty plea, sentence and restitution imposed, and any other aspect of his conviction," provided his

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence was within the advisory sentencing guideline range determined by the district court to apply. Mot. to Enforce, Attachment 1 (Plea Agreement), at 5. The defendant's sentence was within the advisory guideline range. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (holding that court will enforce an appeal waiver if the disputed appeal falls within the scope of the waiver of appellate rights; the defendant knowingly and voluntarily waived his appellate rights; and enforcing the waiver would not result in a miscarriage of justice). In response, Mr. Huff concedes through counsel that his proposed appeal is within the scope of his appeal waiver and that he knowingly and voluntarily agreed to the appeal waiver. Mr. Huff does not contend that it would be a miscarriage of justice to enforce the appeal waiver.

We have reviewed the motion, the record and Mr. Huff's response, and we agree that his proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*.

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM